United States District Court

District of West Virginia

Gregory Konrath
Plaintiff

v

Brent Wear, Ryan Wear
Defendants

CIVIL ACTION NO. 5:17-cv-0521



Comes now the plaintiff, Gregory Konrath, pro se prisoner at Westville Correctional Facility 5501 S. 1100 West Westville, IN 46391, who is a citizen of Illinois, as he will live at 166. 12 S. Old Willow Rd Prospect Heights, IL 60070, upon release from incarceration, and "a prisoner is a citizen of the state where he was a citizen before he was sent to prison, unless he plans to live somewhere else when he gets out, in which event it would be that state." Bontowski v Smith, 305 F.3d 757 (7th Cir. 2000), and Brent Wear at 1609 Warwood Ave. Wheeling, WV 26003 and Ryan Wear at 21 Damian Rd Wheeling, WV 25801, are citizens of West Virginia. This claim is under 28 USC §1332, 28 USC §1331, and 42 USC §1985(3), for events that happened in the United States from 2008 through 2011.

In 2008 and early 2009, the plaintiff had a brief but intense affair with Amanda Wear, the wife of Ryan Wear, who was the brother of attorney Brent Wear. She called off the affair, wishing to try and reconcile

2

with her husband Ryan. Soon after this, the plaintiff began seeing the mother of Amanda, Beth Daugherty. This relationship became quite serious. In September, 2009, Beth found out about the previous affair with Amanda. Beth thought this was intolerable, and immediately began plotting with her estranged husband Scott and all of her family to seek retribution on the plaintiff. Beth informed everyone of the plaintiff's diagnosis of Type II bipolar disorder. Ryan and Brent at that time also became aware of the affair and joined the conspiracy. In particular, Brent began to email the plaintiff's attorney at work, as well his own attorney and his wife's attorney for his divorce. Both Brent and Ryan contacted medical staff and doctors that the plaintiff worked with to exacerbate the plaintiff's Type II bipolar disorder by hassling him, so he would hopefully lost his job. This conspiracy for the purposes of retribution and in discrimination of his Type II bipolar disorder proved unfortunately to be quite successful.

Per 42 USC §1985 (3), if two or more persons in any State... conspire... for the purposes of depriving, either directly or

or indirectly, any person... the equal protection of the laws, or of equal privileges and immunities under the laws; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person and property, or deprived of having and exercising any right or privilege of a citizen of the U.S., the party so injured or deprived may have an action for the recovery of damages, occassioned by such injury or deprivation, against anyone or more of the conspirators."

District court... [recognizes] coverage of conspiracy prohibitions of... 42 USC §§1985(3) and 1986, over disability discrimination. Fitzpatrick v Town of Falmouth (2004, DC ME) 321 F. Supp. 2d 119, subsequent app (2005), 2005 ME 97, 879 A2d 21. Protections of 42 USC §1985(3) extend to... handicapped persons as classes. Larson by Larson v Miller (1995, CA8 Neb) 55 F. 3d 1343, vacated without op, Reh, en banc, gr (1995, CA8 Neb) 67 F. 3d, 148. The plaintiff's disability is Type II bipolar disorder. The plaintiff is alleging the acts of this conspiracy were the product of a class-based animus. Komasinski v IRS, 588 F. Supp. 974, 977 (N.D. Ind 1987), citing

Dunn v State of Tennessee, 697 F. 2d 121 (6th Cir 1982).       4

The plaintiff has established (1) there was a conspiracy, (2) that the purpose of the conspiracy was to deprive the plaintiff of the equal protection of the law, and to deprive the plaintiff of his privileges and immunities under the law, (3) that acts were committed in furtherance of the conspiracy, and (4) that there was a loss (i.e. the loss of the plaintiff's job) as a result. Griffin v Breckenridge, 403 U.S. 88 103-04 (1971).

Per Ill Rev Stat, ch 83, para 22, "If the person entitled to bring an action ... is, at the time the cause of action accrues, within the age of 18 years, or incompetent, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed." The plaintiff is able to toll the statute of limitations due to his ongoing, but not consequetive, periods of mental incompetency due to his diagnosis of Type II bipolar disorder, a mental disability that has never been removed. Nara v Frank 264 F. 3d at 320 (3rd Cir 2001).

Timely payment of the filing fee is not a judicial prerequisite. Wren v American Cast Iron Pipe Co. (1978, CA5 Ala) 575 F. 2d 544

20 BNA FEP Cas 1719, 17 CCH EOO H 8599, 25 Fed. Serv. 2d 765, reh den, en banc (1978, CA5 Ala) 578 F. 2d 871. The courts have held that the defaults of a plaintiff proceeding pro se, as is the case here, were not so deliberate or severe as to justify the drastic sanction of dismissal.

"The Supreme Court [interpreted] the rule that a complaint could go forward, if any set of facts could be imagined consistent with the statements in the complaint that would permit the pleader to obtain relief." Rules Enabling Act, 28 USC §§ 2071, et al. See Mohawk Indus, Inc. v Carpenter, 130 S. Ct. 599, 175 L. Ed. 2d 458 (2009); In Swanson v Citibank, N.A. 614 F. 400, 404 (7th Cir. 2010).

The defendants engaged in this conspiracy for retribution and in discrimination due to his Type II bipolar disorder.

The plaintiff hereby swears under the penalties of perjury, that he will give the judge and magistrate judge in this case, or to the charity of their choice, 10% of any and all punitive and compensatory financial relief. This case belongs in federal court due to violations in federal law and as the parties are citizens of different states and the amount in dispute is greater than $75,000.00.

This last belongs to plaintiff requests the maximum in punitive and compensatory financial relief.

Signed this 30th day of December, 2016.

Gregory Konrath

"And the name of the city from that time on will be: THE LORD IS THERE" - Ezekiel 48:35

Gregory Kornath #254068
1D/1U D201
Westville Correctional Facility
5501 S. 1100 West
Westville, IN 46391

LEGAL MAIL ONLY

U.S. District Court
110 N. Heber St. #119
Beckley,
West Virginia,
25801

Legal
Mail

